UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No: 0:22-cv-61383-RKA

IN RE M.C.T

_____/

**VERIFIED RESPONSE TO PETITION FOR RETURN OF CHILD TO ARGENTINA
AND REQUEST FOR ISSUANCE OF SHOW CAUSE ORDER**
**(Verification to be Supplemented)**

COMES NOW, Respondent **WALTER FABIAN CARRAZAN ("Father" or**

**"Respondent"),** a resident and citizen of the United States of America, hereby files his Response

Mother's Verified Petition Filed on August 18th, 2022 and Petitions the Court to assert

jurisdiction over the child and deny Petitioner's request to return the child and issuance of a

show cause order.  In support the Father states as follows:

***RESPONSES TO MOTHER'S***

1. ***The Father Denies the allegations in this paragraph.*** The Mother gave written

   authorization for the Child to travel and remain with the Father. Mother did not start this

   action until eighteen (18) months after child moved with the Father. See Exhibit "A(1)-

   (2)" letter giving permission and texts with intention for Mother to relocate to the United

   stated.

2. ***The Father Denies the allegations in this paragraph.*** The Father reinstates paragraph

   (1). The Father states the Mother has know the child's  whereabouts (address) since

   February 2021.

3. ***The Father Denies the allegations in this paragraph.*** The Father states that the child has

   resided with him since January of 2021, with the child having established a stable home

   living in the United States. Child started Broward county school in 2021.  See Exhibit

"B" Broward county school registration and acceptance letter. **JURISDICTION AND VENUE**

4. The Father admits that pursuant to the pending case, this Court has jurisdiction.

5. The Father admits to the proper venue is withing the Southern District of Florida. 22 U.S.C. § 9003(b).

**HAGUE CONVENTION**

6. *The Father admits to this paragraph solely as to the definition of the Hague Convention and the competing countries have been treaty partners*.

7. *The Father admits to this paragraph* as to the definition and/or purpose of the Hague Convention.

8. *The Father admits to this paragraph* as to the definition and/or purpose of the Hague Convention.

9. *The Father admits to this paragraph* as to the definition and/or purpose of the Hague Convention.

10. *The Father admits to this paragraph* as to the definition and/or purpose of the Hague Convention.

11. *The Father admits to this paragraph* as to the definition and/or purpose of the Hague Convention. The Father denies the child's habitual residence is in Argentina. Argentinian law does not have a necessary requisite to file for custody determination where the child's is currently living. Pursuant to the Hague Convention. art. 16. Pursuant to Argentinian's laws, the place where the legal custody battle begins does not determine the child's home state of residency. The child has resided with the Father, in Broward County Florida since January 12th, 2021. The Father also filed a case in Florida, where

pursuant to the UCCJEA establishes the child's domicile for purposes of custody determination. The Florida court dismissed the petition *solely* for lack of service. See Exhibit "C(1)(2)" Broward County Case #FMCE21-012753 UCCJEA and Order Dismissing case for lack of service.

12. The Father *admits* solely to the general factors defined as to the Convention would have to consider under different circumstance. ***The Father denies the allegations  in the remaining part of the  paragraph,*** including the statement that the Father breached the Mother's custody rights under Argentina law. See Exhibit "D", affidavit of Argentina attorney Maria Florecía Romano.

13. The Father admits solely on the interpretation stated of The Hague Convention. The Father denies that the child is subject to a return order to Argentina.

14. ***Father admits to this paragraph.***

15. ***Father admits only*** to being born in Argentina. ***The Father denies*** ever leaving and/or abandoning the child. The Father has always been in the child's life. Once the child left to live with he Father, the Mother has always known the Father's address. Proof to be provided at trial.

16. ***The Father denies the allegations in this paragraph.***. In fact, Mother neglected and physically abused the child causing the child extreme emotional distress and physical harm. The child felt so desperate to leave the Mother's home, he threw himself out of the window. See Exhibit "E(1)(2)(3)" photographs and messages from Mother.

### The Parents relationship and Residence

17. ***The Father agrees to the allegations in this paragraph.***

18. ***The Father admits*** that the parties resided together with M.C.T. in Argentina and that the Father and Child have a number of relatives in the United States and that visit him from other countries.  Further, M.C.T. has been in the United States for months at a time since the Father moved to the United States and the Father continuously saw the child. Photographs of time with the Father shall be introduced at trial.

19. ***The Father moves to strike this paragraph*** as irrelevant, without any probative value and in an attempt to prejudice the Court.

20. ***The Father denies the allegations in this paragraph.***, See response to paragraph 16 & 18.

21. ***The Father denies the allegations in this paragraph.*** See response to paragraphs 16 & 18.  Further, M.C.T. did not have a good relationship with the Mother and refuses to go back to live with her. See Exhibit "F(1)(2)" letter from child and report from child advocate in Argentina.

22. ***The Father does not have sufficient knowledge*** regarding this allegations. See exhibit "F(1)(2)"

23. ***The Father admits that the child came to the United States in 2019***, however, the child and Mother wanted the child to live in the United States.  The Father was awaiting his United States citizenship to start the process of obtaining M.T.C.'s United State's citizenship.  See Exhibit "G" child's proof of acceptance from USCIS.

24. The Father ***admits*** that the Mother wanted the child to be with the Father, but ***denies*** remaining allegations.

25. The Father **admits** that the Mother made all efforts to obtain the child's passport, however, the Father **denies** that the only intent was for a short visit with the Father. See Exhibit "A".

26. The Father **solely admits** the Mother signed an authorization for the child to travel to the United States with the Father. The Father **denies** the authorization was for a short visit. The Father does not have sufficient knowledge to admit of deny the existence of another document. See Exhibit "A".

27. **The Father denies the allegations** as stated and alleges the Mother misconstrues the Father's actions..

28. **The Father denies the allegations in this paragraph.** The child resided with the Father for over eighteen (18) months. The Mother had much better proximity and opportunity to update any school records in Argentina.

29. **The Father has no knowledge of this allegation.**

30. **The Father denies the allegations in this paragraph.** The Father went through the proper legal channels to obtain legal custody of the child based on the laws of Argentina and Florida, without violating the Hague Convention. The Broward County case was not dismissed based on lack of jurisdiction, it was dismiss solely based on lack of service. See Exhibit "C"

31. The **Father denies** the allegations as to his refusal to return the child. The **Father does not have sufficient knowledge** to admit or deny the remainder of the allegations.

32. The **Father denies** the allegations as it pertains to unlawfully retaining the child. The **Father agrees** to the remainder of the allegations to the extent that Father and M.C.T. have been in Broward County since January 12th, 2021.

*Father's Alienation Of The Child To The Mother*

33. **The Father denies the allegations in this paragraph**. in fact, the Mother has blocked the Father from her number. See Exhibit "H". The Father provided with his own phone, which the Mother has access to. See exhibit "I(1)(2)(3)(4)(5)" text messages between Mother and child without any restrictions by Father.

34. The ***Father denies the allegations*** of interfering with the Mother's and her boyfriend's with M.C.T. See response to paragraph 33 and exhibits.

35. The ***Father denies this allegations***. Specifically reiterates response to paragraph 28, since the school is located in Argentina and the Mother would have better access to the school's administration.

36. ***The Father denies the allegations in this paragraph.*** To the contrary, the Mother had manipulated the child against the Father, however, given the Child's age and maturity, since he moved with the Father, he has expressed his fear of living with the Mother. See "Exhibit" J, text message of child telling Mother of his nightmares about the abuse he endured at the hands of the Mother.

37. ***The Father denies the allegations in this paragraph.*** The Father did not falsify the claims of abuse against the Mother, as he maintains they are true. Further, the laws in Argentina, do not determine the child's home state by filing the custody where one of the parents reside. There is no order from any Argentinian court establishing the child's home state to be Argentina, pursuant to the requirements under the Hague Convention. See Exhibit "D"

38. *The Father denies the allegations in this paragraph*.  The Father maintains his only concern has been the child's safety.  Further the Father maintains the child is not unlawfully detained.

39. *The Father denies the allegations in this paragraph.*  The Father never abandoned the child, in fact, his plan was always to make a life for himself in the United States and bring the child to live with him. The Mother always knew about the intentions and planned herself to move to the United States. The Father progressively became more aware of the abuse and regularly maintained contact with the child, until he was able to legally bring the child to reside with him.

40. *The Father denies the allegations in this paragraph*, Under Florida Law, the UCCJEA, determines the child's home state for purposes of determination of custody.  The Broward County case was solely dismissed for lack of service. See Exhibit "C."  Further, in Argentina, there is no requirement that the child reside in Argentina to file a custody action. See Exhibit "D" affidavit of Argentinian attorney.

41. *The Father admits to the allegations*, as serving someone in Argentina, can be a very difficult task.

42. *The Father denies the allegations*. The UCCJEA allegations are true and correct.  The Father admits to the information on the UCCJEA were true, as described in this paragraph sub part (a)-(c).  The request for alimony is irrelevant, as this is not a dissolution of marriage case and an *inadvertent mistake*.

43. *The Father denies the allegations in this paragraph*.  The Argentinian court had made any legal determination or recognized the child to belong to Argentina.  The Broward

case was ultimately dismissed based on lack of service, not for the merits of the child's home state.

44. The Father denies these allegations. See paragraph 43.

45. *The Father has no sufficient knowledge to admit or deny* the reasons the letter was written, the authenticity and/or relevancy as to these proceeding.

46. The Father denies these allegations. The letter described in paragraph 45 and the instant paragraph do not exits it the Broward, County, Florida case number.

47. The *Father admits* the Broward County case was dismissed, **but denies** the allegations and implications that the case was dismissed for anything other than lack of effectuating service on the Mother.

48. *The Father denies these allegations*.

49. *The Father denies these allegations.* Specifically, the Father states that the child is a United States citizen.

50. *The Father denies these allegations.* The Mother has been aware of the child residing with the Father for over 18 months. The Wife has attorneys in Argentina, multiple attorneys in the United States, however, the Mother never initiated any legal proceeding in Argentina or the United States. The Mother only acted in retaliation after the Father started formalizing custody arrangements. Despite the Mother's repeated allegations of the Father's actions with the school in Argentina, the Mother never took any steps/actions with the school in over 18 months. This is despite the fact that the Mother had the ability to go personally to the school.

51. See response on paragraph 50.

52. ***The Father denies these allegations.*** The Mother was aware that the child was continuing his education from the United States. In fact, the child was completing the Argentinian curriculum online, until the child started Millennium middle school's summer program. The child has completed middle school and now attends high school in Broward County (he was accepted Ascend Charter High School). See Exhibit "B(1)(2)(3)".

53. ***The Father denies these allegations.*** The child continued classes remotely, as required.

54. See Response on Paragraph 50, 51, 52, and 53.

55. ***The Father does not have sufficient knowledge*** to admit or deny this allegations regarding the statement made by a "school official". ***The Father admits*** that the Mother already knew the child was enrolled in school in the United States.

56. ***The Father does not have sufficient knowledge to admit or deny these allegations.*** Except that the child was unenrolled from the Argentinian school for a few months by September 3, 2021.

57. **The Father does not have sufficient knowledge to admit or deny these allegations,** with he exception that on March 14, 2022, the child was already enrolled in Broward County schools for over a year.

58. The Father denies this allegation, as he does not have personal knowledge of this information.

59. ***The Father does not have sufficient knowledge to admit or deny these allegations.*** However, the allegations are solely based on a possible action to have a Court in the United States determine the habitual residence of the child. This letter was allegedly sent

on September 14, 2021.  Over eleven (11) months passed without the Mother initiating the instant action.

60. ***The Father denies theses allegations.***  This statements are irrelevant as a matter of law seeking to justify the Mother's implied consent.  This should not be a factor the Court should consider.

61. ***The Father denies these allegations***.   The Father makes the same objection as to paragraph 60.  The Father is currently fighting a legal battle against 5 (five) attorneys, two different firms, in the United States without the financial means.

62. ***The Father denies the allegations.***   Further, the Mother's statements would be considered self-serving hearsay and irrelevant as a matter of law.   Further the Father relies on his responses on paragraph  60 and 61.

63. ***The Father denies these allegations.***   Further, the Mother's statements would be considered self-serving hearsay and irrelevant as a matter of law. Further the Father relies on his responses on paragraph  60, 61 and 62.

64. ***The Father denies these allegations.***   Further, the Mother's statements would be considered self-serving hearsay and irrelevant as a matter of law.  Further the Father relies on his responses on paragraph  60, 61, 62 and 63.

65. ***The Father denies part of the allegations*** as stated in paragraph 60, 61, 62 and 63.  The Father's undersigned had less than two (2) weeks to do the same amount of work.

66. ***The Father denies this allegation***, as the child is a resident of the state of Florida and a citizen of the United States.  Further the child legally resides with his Father, where the child is safe, happy and healthy.

67. *The Father denies these allegations*, See responses related to child's safety and legal habitual residence established under the laws of the United States and The Hague Convention, in accordance with Argentinian jurisprudence.

68. *The Father restates his responses to paragraphs 1 through 67.* Anything not specifically admitted, shall be deemed denied. The Father does not waive his right for leave to amend and/or any objections based on Federal Rules of Civil Procedure.

69. The Father agrees to the factors for cases that apply under the Hague Convention. The Father denies that the factors apply to this case and M.C.T.

70. *The Father states the child is currently 14 years old.* The child is of mature age to make decisions regarding this matter.

71. The *Father denies* the allegations or interpretation of The Hague Convention's definition of the habitual residence. The Hague convention states the habitual residence is where the child has resided a year after the alleged "unlawful retention".

72. *The Father denies these allegations*, as the child has resided with the Father since birth and has been solely resident with the Father since January of 2021.

73. The *Father denies* the application of the instant facts in comparison with *Ovalle*, 681 F. App'x at 783-84. The custody laws of Guatemala are not at issue in this case. Further, in the instant case, the child has lived with the Father for over eighteen (18) months. M.C.T. has a well settled life in the United States with his Father.

74. *The Father denies the allegations in this paragraph.* Pursuant to Argentinian Civil Code, art. 638, if a child is born out of wedlock, both legal parents can exercise parental responsibility. See Exhibit "D". The Father has been exercising parental responsibility since the child was born and the child moved with the Father eighteen (18) months ago.

75. *The Father denies the allegations*, see paragraph 74.

76. *The Father denies the allegations in this paragraph*.  The Father relies on his responses on to this petition (paragraph 1 through 75).

77. *The Father denies the interpretation of the facts of the case and the requirements under The Hague Convention*.  Since the Father has lived with M.C.T. for over eighteen (18) months, without the Mother making any attempts to have a relationship with M.C.T. and complete failure to support the child, the Mother is considered the abandoning parent.

78. *The Father denies the allegations in this paragraph*.  Pursuant to Argentinian Civil Code, art. 645(c), the child M.C.T. relocated with the Father with the consent of the Mother for over eighteen (18) months and there are no orders entered by an Argentinian court stating the child M.C.T., home state, is in Argentina with the Mother. See Exhibit "D" affidavit of attorney Maria Florencia Romano

79. *The Father denies the allegations in this paragraph*.  See paragraph 78.

80. *The Father denies the allegations in this paragraph.*  The child has resided with the Father over 18 months.  Further, in the event the Court would find that there is a dispute as to the child's home state, this case would fall under the exceptions pursuant to Abbott, 560 U.S. at 8.

81. *The Father denies the allegations under this paragraph*.  M.C.T. will be at extreme physical and emotional risk, if returned with the Mother to Argentina. See Exhibits "E"

82. *The Father denies the allegations in this paragraph.*  The child has resided with the Father for over eighteen (18) months and has is well settled with strong ties in the United States.

83. ***The Father agrees with the contention that The Convention provides for the Court to consider the child's objection to return to Argentina to make its findings.*** The child has a level of maturity where it will be appropriate for the Court to take into account his views. Convention, art. 13.

84. ***The Father denies the relief requested in this paragraph*** for the objections stated in paragraphs 1-83. The Father contends that the child's habitual residence is the United States.

85. ***The Father agrees to this paragraph.***

86. The ***Father agrees*** to the law, as stated, ***however, denies*** that under UCCJEA, Broward County, Florida has competent jurisdiction on custody issues over M.T.C.

87. The ***Father agrees*** to these restrictions during the pendency of the proceedings. The ***Father denies*** that a Show Cause Order should be issued in this case for the facts stated in this *Response*.

88. The ***Father agrees*** to section a. & c. ***The Father does not have sufficient knowledge*** as it relates to the section b. of this paragraph.

89. ***The Father agrees***.

90. ***The Father denies this paragraph***.

91. ***The Father denies this paragraph***.

92. Exhibits to be filed as a supplemental filing.

## VERIFICATION

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in the following document and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: 09-08-2022

Signature

STATE OF FLORIDA
COUNTY OF BROWARD

**BEFORE ME,** the undersigned, personally appeared **WALTER FABIAN CARRAZAN**, on this 8 day of September , 2022, who has produced FLA as identification, who executed the foregoing and that the facts stated therein are true and correct.

NOTARY PUBLIC or DEPUTY CLERK

HEEMA MAHARAJ NANNARIELLO
Notary Public - State of Florida
Commission # HH 123387
My Comm. Expires Apr 28, 2025

HEEMA M. NANNARIELLO.
[Print, type, or stamp commissioned name of notary or clerk.]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been furnished by CM/ECF

Electronic Filing to the individual(s) listed below on this 6th Day of September 2022.

Dated: September 6, 2022

**HOLLAND & KNIGHT LLP**
Anna Marie Gamez
Katharine Menéndez de la Cuesta
David P. Newman
Nicole S. Alvarez
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Annie.HernandezGamez@hklaw.com
Katharine.Menendez@hklaw.com
David.Newman@hklaw.com
Nicole.Alvarez@hklaw.com

**AND**

**PAG.LAW PLLC**
Brett A. Barfield
600 Brickell Avenue, Suite 1725
Miami, Florida 33131
brett@pag.law

Respectfully Submitted,

/s/Carla P. Lowry
Carla P. Lowry
Lowry at Law, P.A.
100 SE 6th Street
Fort Lauderdale, FL 33301
Telephone: (954) 527-8885
Facsimile: (954) 527-8955
FBN: 507318
carla@lowryatlaw.com
Counsel for the Respondent

/s/ Carla P. Lowry
CARLA P. LOWRY, ESQ.
FL Bar No.: 507318